IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO GARCIA-HERNANDEZ, | ) | |
| ID # 48803-177, | ) | |
|     Movant, | ) | No. 3:16-CV-2162-L (BH) |
| vs. | ) | No. 3:14-CR-422-L (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

**I. BACKGROUND**

Sergio Garcia-Hernandez ("Movant"), a federal prisoner, challenges his sentence in Cause No. 3:14-CR-422-L (1). (*See* docs. 2 & 6.)[1]

Movant pleaded guilty to illegal reentry after removal from the United States. (*See* doc. 33.) The United States Probation Office prepared a Presentence Report (PSR), applying the 2014 United States Sentencing Guidelines Manual (U.S.S.G.). (*See* doc. 24 at 6.) The PSR recommended that the Court add 16 levels to the base offense-level because Movant had been removed from the United States after his 2006 conviction for unlawful delivery of cocaine. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i) ("If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels"). The PSR calculated Movant's Guideline Sentence range as 70 to 87 months' imprisonment. (*See* doc. 24 at 16.) The Court adopted the PSR and

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-422-L (1).

sentenced Movant to 72 months' imprisonment, with a 1-year term of supervised release. (*See* doc. 34.)

Movant filed a direct appeal, but it was dismissed on June 21, 2016. *See United States v. Garcia-Hernandez*, 653 F. App'x 247 (5th Cir. 2016) (per curiam). He did not file a petition for a writ of certiorari.

Movant claims that the Court erred when it applied the 16-level enhancement "for a 2012 conviction for unlawful delivery of cocaine" because, in fact, that conviction was from 2011 and involved possession of methamphetamine, and that his counsel was ineffective for failing to challenge the enhancement on that ground. (*See id.* (claiming that counsel should have argued that "[Movant] was not convicted in 2012 of delivery or trafficking cocaine . . . [He] was only in possession of [m]ethamphetamine, and given two (2) (sic) imprisonment for that conviction in 2011.")) (*See* 3:16-CV-2162-L (1), doc. 2 at 7.) He later amended his motion to add claims that the Court erred in enhancing his offense level because his 2006 conviction for delivery of cocaine is no longer a "drug trafficking offense" after *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and in relying "on minute entries alone" to find that he had been convicted of that crime. (*See* 3:16-CV-2162-L (1), doc. 6 at 2-4.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

### III. *MATHIS V. UNITED STATES*

After Movant was sentenced, the United States Supreme Court announced *Mathis v. United States*, 136 S. Ct. 2243 (2016).  In *Mathis*, the Court clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws.  *See id.* at 2253.  Applying *Mathis*, the Fifth Circuit has held that the Texas crime of delivery of a controlled substance is not a controlled substance offense within the meaning of U.S.S.G. § 4B1.1.  *See Hinkle*, 832 F.3d at 571.

Here, Movant challenges the Court's application of § 2L1.2 on two grounds.  He attempts to extend *Hinkle* to argue that his 2006 conviction is no longer a "drug trafficking offense" under § 2L1.2, and he claims that the Court erred when it relied on a 2012 conviction to apply the 16-level enhancement.  Movant's direct attacks on the Court's application of the Sentencing Guidelines is not cognizable in this collateral proceeding, however.  *Williamson*, 183 F.3d at 462; *see also, e.g.*, *Fisher v. United States*, No. 4:17-CV-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis* [and] *Hinkle*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *Reeves v. United States*, No. 4:17-CV-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).  There is no merit to Movant's claims.

There is also no merit to Movant's claim that the Court erred in relying on "minute entries alone" to determine that he was convicted of unlawful delivery of cocaine in 2006.  Contrary to Movant's suggestion, a sentencing court may look to docket entries "[w]hen seeking only to prove the mere fact of a conviction, rather than its elements or underlying facts."  *United States v. Ortega-Calderon*, 814 F.3d 757, 760 (5th Cir. 2016) (rejecting the defendant's argument that the sentencing

court erred in relying on the "docket sheet and Disposition of Arrest and Court Action to find that he had previously been convicted of a crime of violence" to apply a sentencing enhancement). Moreover, the Court relied on the indictment and the judgment of conviction, and not on minute entries, for evidence that Movant was convicted of unlawful delivery of cocaine in 2006. (*See* doc. 24 at 18-20.)

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

Movant also claims that his counsel rendered ineffective assistance when he failed to challenge the Court's application of the Career-Offender enhancement on the grounds that "Movant was not convicted in 2012 of delivery or trafficking cocaine." (*See* doc. 1 at 7.)

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on his ineffective assistance claim, Movant must establish both that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-691, 694.

In determining whether counsel's representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Movant claims only that his counsel should have challenged the Court's use of his 2012 conviction to apply the 16-level offense enhancement under § 2L1.2. Movant's 2012 conviction was not the basis for the enhancement, however. Rather, the Court enhanced Movant's offense level on account of his 2006 conviction for unlawful delivery of cocaine. (*See* doc. 24 at

6.) Because Movant's 2012 conviction was not the basis of the offense-level enhancement, he cannot show that his counsel was ineffective for failing to challenge it. Movant's ineffective assistance claim also lacks merit.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 22nd day of January, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE